**Hayman v. Young**

*C. Cleveland Hummel,* for plaintiffs.
*Garley C. Keller,* for defendant.
*Michael P. Gregorowicz,* for additional defendant.

MYERS, *P.J.,* February 14, 1983—Plaintiffs purchased a premises located in Fishing Creek Township, Columbia County from defendant, Laurabelle Young. Plaintiffs allege that prior to the real estate closing, Defendant Young represented to them that a new roof had recently been installed on the dwelling. As a result of this alleged representation by defendant Young, plaintiffs claim damages for breach of warranty, or in the alternative, misrepresentation to recover for alleged faulty workmanship in the construction of the new roof.

According to plaintiffs' complaint, defendant Young and additional defendant Brown entered into an oral contract to replace the roof. Brown and Young were originally listed as co-defendants in the lawsuit, but subsequently filled separate responsive pleadings. Defendant Young filed an answer to the complaint, while additional defendant Brown filed a demurrer. The court, by an order dated April 17, 1980, granted Brown's demurrer.

Defendant Young then filed a petition for late joinder of Brown as an additional defendant, which petition was granted by an order dated May 28, 1981.

Defendant Young then filed a third party complaint, to which additional defendant Brown filed preliminary objections. These preliminary objections in the nature of a demurrer, a motion to strike and a motion for more specific complaint are now before this court for disposition.

### (1)

By way of demurrer, additional defendant Brown asserts that the joinder was improper and therefore defendant Young's complaint fails to state a cause of action against him. We disagree.

In 1969, Pa.R.C.P. 2252 (a) was amended and now permits joinder in the following situation:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

With the 1969 Amendment to the Rule, additional defendant rules have abandoned the "same cause of action" test originally applied and have substituted the "common factual background test" . . . Accordingly, joinder of an additional defendant is proper when the claim against him arises from the same factual background as that which gave rise to the plaintiff's claim, although the additional defendant is not jointly or severally liable with the additional defendant, nor liable to plaintiff on the same cause of action as declared upon by plaintiff against defendant. See 4A Anderson Pa. Civil Practice §2252.52a, pgs 34-35.

In Kladias and Son v. Sonneborn Building Products, Inc., 2 D.&C.3d 310, (1975) the original defendant in a warranty action was permitted, under §2252 (a), to join additional defendants whose negligence was alleged to be the actual cause of the damages. The court held that joinder was proper on

the basis that the findings of fact to be made in determining liability were intertwined, and that the general policy should be to adjudicate, in one lawsuit, all rights arising from a given factual situation.

Additional defendant Brown also contends that we should hold joinder impermissible based upon the holding in Chicago Shortening Corp. v. Acme Hardesty Co. Inc., 15 D.&C.3d 575 (1980). In Chicago, the court held that rule 2252 (a) does not authorize joinder of an additional defendant—liable upon a tort claim—by a defendant in an assumpsit action, where the negligence of the additional defendant occurred before the original defendant had any relationship, contractual or otherwise, with plaintiff or additional defendant.

Chicago is clearly distinguishable from the present case, since the alleged negligence of the additional defendant here resulted from an oral contract between additional defendant and defendant. Chicago also did not contain common factual determinations among the causes of action that are present in this case.

In the present case the warranty and misrepresentation actions would involve a factual determination of whether the condition of the roof was as represented. Similar determinations would be required in the negligence action by the defendant against the additional defendant. In view of the similarities, we find that the cause of action resting in the third party is sufficiently related to the original cause of action to render joinder appropriate in this case.

(2)

Additional defendant Brown further claims that the third party complaint should be stricken because of defendant Young's failure to plead the material facts upon which her cause of action is based.

Brown alleges that the pleading fails to set forth, with sufficient specificity, the alleged defects in workmanship and the manner in which alleged damages were caused. We disagree. Defendant's complaint, when read in conjunction with plaintiffs' complaint, alleges the following: (1) that the defendant entered into an oral contract with the additional defendant for the installation of a roof; (2) that the roof was installed in the spring of 1978 and was not sufficiently pitched; (3) that in view of the pitch the shingles were of an improper type; and (4) that the sheeting was incorrectly installed from rafter to rafter and subsequently buckled.

(3)

The only question on a motion for more specific complaint is whether the complaint is sufficiently clear to enable the defendant to prepare his defense. 2 Goodrich-Amram 2d 1017(b)-9. We are satisfied that these allegations are sufficiently specific to enable additional defendant to answer and prepare its defense.

## ORDER OF COURT

And now, this February 14, 1983, the preliminary objections filed by additional defendant Brown to defendant Young's complaint are dismissed. The additional defendant is hereby granted leave to file answer to defendant's complaint within 20 days of service of this order.